MARY VON DER BRELIE, Plaintiff in Error, *vs.* HENRY
VON DER BRELIE, Defendant in Error.

*Opinion filed October 24, 1916—Rehearing denied Dec. 7, 1916.*

1. APPEALS AND ERRORS—*what cases decided by the Appellate Court may be reviewed by the Supreme Court.* Under section 121 of the Practice act, judgments of the Appellate Court are final in all cases except those wherein appeals and writs of error are specifically required by the constitution to be allowed to and from the Supreme Court, unless a majority of the judges of the Appellate Court in any case decided by them shall grant a certificate of importance and an appeal to the Supreme Court, or the Supreme Court shall require, by *certiorari* or otherwise, any case to be certified to it for review and determination.

2. SAME—*when writ of error does not lie to Appellate Court by virtue of the constitution.* A suit in equity to compel a husband to provide reasonable support and maintenance for his wife can not, by virtue of the constitution, be reviewed by the Supreme Court on appeal from or writ of error to the Appellate Court but such review must be as provided by section 121 of the Practice act.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

COBURN & BENTLEY, for plaintiff in error.

FRED H. ATWOOD, CHARLES O. LOUCKS, and VERNON R. LOUCKS, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Mary Von der Brelie, filed her bill in the circuit court of Cook county against her husband, the defendant in error, Henry Von der Brelie, alleging that she was living separate and apart from him without her fault and praying for an injunction and a decree requiring him to provide for her reasonable support and maintenance.

The defendant answered, denying that the complainant was living separate and apart from him without her fault, and the issue was submitted to the chancellor, who heard the evidence and dismissed the bill for want of equity. The plaintiff in error appealed to the Appellate Court for the First District, and that court affirmed the decree, whereupon the plaintiff in error sued out of this court a writ of error to bring the record here for review.

Section 121 of the Practice act provides that judgments of the Appellate Courts shall be final in all cases except those wherein appeals and writs of error are specifically required by the constitution of the State to be allowed from the Appellate Courts to this court, unless a majority of the judges of the Appellate Court in any case decided by them shall grant a certificate of importance and an appeal to this court, or this court shall require, by *certiorari* or otherwise, any case to be certified to this court for review and determination. Section 11 of article 6 of the constitution specifically provides that appeals to and writs of error from this court shall lie in all criminal cases and cases in which a franchise or freehold or the validity of a statute is involved, but appeals and writs of error in all other cases decided by the Appellate Courts must be provided for by law. The General Assembly has not provided for appeals to or writs of error from the Appellate Courts in criminal cases above the grade of misdemeanors, nor in cases involving a franchise or freehold or the validity of a statute, so that the provision of the constitution is inoperative as to such cases. But jurisdiction has been given to Appellate Courts of misdemeanors, and as to them writs of error from this court are authorized by the constitution. The proceeding in equity instituted by the plaintiff in error was not a criminal case nor in the nature of a criminal prosecution. The abandonment of a wife without good cause is a misdemeanor and a recreant husband may be chastised for an infraction of the law by a criminal proceeding, but a suit

to compel a husband to provide reasonable support and maintenance for his abandoned wife is not a criminal prosecution. The suit of plaintiff in error was not one in which an appeal to or writ of error from this court is specifically provided for by the constitution.

The writ of error is dismissed.      *Writ dismissed.*